UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK LORNE FARRELL,

    Plaintiff,

v.                                     Case No:  2:15-cv-634-FtM-38MRM

LEE COUNTY JUSTICE CENTER,
SHERRA WINESETT, JOHN
DURYEA, GREGORY GOETZ,
BRADLEY ARANT LAW FIRM,
MONICA WILSON, MARK AYERS,
ROBERTSON ANSCHUTZ LAW
FIRM,  LINDA DOGGETT, CRAIG
VILLANTI, CHRISTINA MCADAMS,
JOHN TOMASINO, JOHN STUMPF,
WILLIAM ERBEY, OCWEN LOAN
and JOHN CARLIN,

    Defendants.
_____/

## **ORDER**[1]

      This matter comes before the Court on review of the docket.  Plaintiff Patrick Lorne Farrell is a serial litigant.  A search for Plaintiff's name in the CM/ECF records reveals that he has filed no less than sixteen actions in this District, dating back to 2001.  Nearly every single one of the cases was dismissed as frivolous.  In 2015, in a separate action, this Court entered a *Matrin-Trigona* Injunction[2] ("Injunction") against Plaintiff.  *See Farrell*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] *See Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993).

*v. Florida*, No. 2:15-cv-41-FtM-38CM, ECF No. 32 (M.D. Fla. May 21, 2015). This Injunction prevented Plaintiff "from filing future complaints unless he has obtained leave of this Court to file a complaint *pro se* or the complaint is filed on his behalf by an attorney who is a member of the bar of this Court." *Id.* (citation omitted). While the Court discussed the Injunction in terms of state actors at the time it was entered, <u>the Court now clarifies that the Injunction was intended to apply to every new action that Plaintiff files pro se in the future</u>. Of course, Plaintiff cannot be completely foreclosed from accessing this Court. Nor is that the Court's intention. However, because of the Plaintiff's prior litigious and frivolous filings, the Court will set forth the following pre-filing screening procedure[3] which *must* be followed by the Plaintiff in *all* future filings.

At this time, the Clerk will be directed to open, and keep open, a miscellaneous case file entitled "In re: Farrell" with the first docket entry being the instant Order. Subsequently, if a Motion Pursuant to Court Order Seeking Leave to File is accepted for filing by the Clerk, the procedures set forth below will be followed.

### Pre-Filing Screening Procedure for Plaintiff's Future Filings

1. When Plaintiff seeks to file a new action, he must file a motion entitled "Motion Pursuant to Court Order Seeking Leave to File" and submit the proposed complaint or other initiating document ("new complaint") for review.

2. As an exhibit to the Motion, Plaintiff must attach a copy of this Order.

---

[3] Nearly every circuit, including the Eleventh Circuit, has allowed procedures of this nature for *pro se* litigants who have filed numerous frivolous actions. *See, e.g., Martin-Trigona,* 986 F.2d at 1384; *Gordon v. U.S. Dep't of Justice*, 558 F.2d 618 (1st Cir. 1977); *In re: Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985); *Gambocz v. Yelncsics*, 468 F.2d 837 (3d Cir. 1972); Armstrong v. Koury Corp., 211 F.3d 1264 (4th Cir. 2000); Baum v. Blue Moon Ventures, LLC, 513 F.3d 181 (5th Cir. 2008); *In re Chapman*, 328 F.3d 903 (7th Cir. 2003); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Martin-Trigona v. United States, 779 F.2d 72, 74 (D.C. Cir. 1985).*

3. As an additional exhibit to the Motion, Plaintiff must attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court; (2) the claim or issue is not frivolous, vexatious, or harassing; and (3) the document is not filed in bad faith.

Should the Plaintiff not follow the procedure set forth above, the Clerk's Office is directed to reject any new complaint submitted for filing by returning the new complaint to Plaintiff and making an entry on the docket in the miscellaneous case file to reflect that a new complaint was rejected and returned for failure to comply with the pre-filing screening procedures.

In the event Plaintiff meets the pre-filing procedures, the Clerk shall file the Motion, and attach to the Motion as exhibits the proposed new complaint, this Order, and the declaration. The Court will address the motion to determine whether the attached proposed new complaint is frivolous, vexatious, or harassing. If the Court determines that the new complaint is frivolous, vexatious, or harassing, the motion will be denied, and the new complaint will not be filed in a separate civil action.

If, however, the Court determines that the new complaint is not frivolous, vexatious, or harassing, then the Court will grant the motion and direct the Clerk to open a new civil case and file the new complaint as of the date of the Motion with a copy of the Order granting the Motion attached as an exhibit. The Clerk shall not accept any filing fees, cover sheets, or any other documents, including service forms, unless and until leave is granted. If leave is granted and the new complaint is filed in a new civil case, Plaintiff will be responsible for the normal civil case filing fee.

Each time Plaintiff files a "Motion Pursuant to Court Order Seeking Leave to File", and follows the Court's procedure set forth in this Order, the Clerk is directed to file the Motion in the previously opened "In re: Farrell" miscellaneous action.  The Court will then follow the same procedure as previously outlined above.

Plaintiff's failure to comply with the terms of this Order shall be sufficient grounds for this Court to deny any motion for leave to file, and may be considered an act of contempt for which Plaintiff may be sanctioned accordingly.  <u>This pre-filing screening procedure will not apply if a new complaint is filed on Plaintiff's behalf by an attorney who is a member in good standing of the bar of this Court</u>.

### **The Court Exercises its Authority to *Sua Sponte* Dismiss this Action**

"A district court has the inherent authority to manage its own docket, so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citation omitted).  It is assumed this authority includes the ability to dismiss frivolous actions *sua sponte* even when the filing fee has been paid.  See *Wilkerson v. Georgia*, 618 F. App'x 610, 611 (11th Cir. 2015) ("[W]e assume without deciding that a district court has the inherent authority to dismiss a frivolous complaint *sua sponte* even when, as here, the plaintiff has paid the required filing fee.").  Here, the Court chooses to exercise that authority.

Explained in the simplest of terms, Plaintiff's Complaint seeks to prevent the foreclosure of his residence. Plaintiff's choice of Defendants runs the gamut, ranging from judges to court staff to corporate executives.  The allegations asserted in the Complaint mix relevant facts, irrelevant facts, disjointed narrative, conclusory accusations, and legal

argument. The Court finds that these allegations are frivolous and that this action must be dismissed.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Patrick Lorne Farrell's Complaint (Doc. #1) is **DISMISSED.**

2. The Plaintiff Patrick Lorne Farrell is advised that for any future filings he must follow the pre-filing screening procedure set forth in this Order.

3. The Clerk shall open a miscellaneous case entitled "In re: Farrell" containing this Order as the first docket entry.

4. Upon submission of a Motion Pursuant to Court Order Seeking Leave to File, the Clerk shall follow the procedures set forth in this Order for any future new case filings made by Plaintiff Patrick Lorne Farrell.

5. The Clerk is further directed to **MAIL** a copy of this Order and the Court's May 21, 2015 Order in 2:15-cv-41-FTM-38CM (Doc. #32) to Plaintiff Patrick Lorne Farrell, **TERMINATE** any pending motions or deadlines, **ENTER** judgment accordingly, and **CLOSE** this file.

**DONE** and **ORDERED** in Fort Myers, Florida, this 4th day of February, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record